IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JIMMY LEE WILLIAMS, | ) | |
| ADC # 111234 | ) | |
|     Petitioner, | ) | **Case No. 5:12-CV-00445 KGB-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Karen G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Jimmy Lee Williams. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

**Background**

On February 24, 2010, Petitioner was convicted of two counts of delivery of marijuana, two counts of delivery of cocaine, possession of marijuana, and possession of drug paraphernalia by a Ouachita County (Arkansas) jury. He received sentences totaling 480 months' imprisonment in the Arkansas Department of Correction. On appeal, he contended that the trial court erred in admitting DVDs that contained video recordings of his drug transactions. His convictions were affirmed on September 14, 2011. *Williams v. State*, 2011 Ark. App. 521.

On December 5, 2011, Petitioner obtained new counsel and sought postconviction relief

pursuant to Ark. R. Crim. P. 37.1, arguing that he received ineffective assistance of counsel at trial. The state filed a response on January 10, 2012, noting that his petition had not been verified. An amended and properly verified petition was then filed on January 25, 2012. However, it was subsequently dismissed for lack of jurisdiction because a valid petition was not filed within sixty days of the appellate court's mandate. He appealed that decision to the Arkansas Supreme Court, but the appeal was dismissed without comment on August 14, 2012.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he received ineffective assistance of counsel in numerous ways, both at trial and on collateral review; 2) he was denied a fair trial because a police officer testified that he was a known drug dealer; and 3) his convictions violate the Double Jeopardy Clause. However, his claims fail because they are barred by the statute of limitations, procedurally defaulted, and without merit.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The relevant starting date for limitations purposes was October 3, 2011, because the time for seeking review from the Arkansas Supreme Court expired on October 2, 2011.

Respondent contends that the subsequent Rule 37 petition and its appeal did not toll the limitations period because only a properly filed application for state collateral review can have this effect. *See* 28 U.S.C. § 2244(d)(2); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."); *Artuz v. Bennett*, 531 U.S. 4, 8

(2000). Under Respondent's view, the limitations period expired on October 2, 2012, so his December 5, 2012 federal habeas petition was untimely.

Petitioner argues that the statute of limitations should be tolled because the failure to verify his initial Rule 37 petition was a result of his attorney's incompetence. "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court agrees that Petitioner's postconviction counsel caused his Rule 37 petition to be untimely, but case law has been clear that attorney mistakes such as the failure to file a timely petition are "simply not sufficient to warrant equitable tolling." *Holland*, 560 U.S. at 656; *see also Maples v. Thomas*, No.10–63, 565 U.S. ——, 132 S.Ct. 912, 922 (U.S. Jan. 18, 2012) ("Thus, when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause. We do not disturb that general rule."); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."); *King v. Hobbs*, 666 F.3d 1132, 1137 (8th Cir. 2012); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."). Thus, Petitioner has failed to demonstrate that an extraordinary circumstance prevented timely filing.[1]

---

[1] Petitioner also relies on *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309 (2012), in his equitable tolling arguments, but there has been no indication that the Supreme Court intended its procedural default analysis to apply to the statute of limitations. Unlike questions involving the

He has also failed to establish that he was pursuing his rights diligently. It is true that Petitioner hired his postconviction counsel and responded to his communications in a timely manner. However, Petitioner's action is also untimely because he failed to file his federal habeas petition within fifty days of Arkansas Supreme Court's denial of his Rule 37 appeal.[2] Petitioner's federal habeas petition is largely identical to his Rule 37 petition, and he has failed explain this delay.

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

---

statute of limitations, which ask whether the petitioner brought his action in compliance with a time limit imposed by federal law, procedural default analysis essentially asks whether the petitioner fairly presented state courts with an argument in compliance with applicable state laws.

[2] The affirmance of his Rule 37 dismissal took place on August 14, 2012, and the statute of limitations expired fifty days later on October 2, 2012. The current petition was not filed until December 5, 2012.

process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner's claims concerning the fairness of his trial and double jeopardy are defaulted because he failed to present them to the state courts. Unlike his ineffective assistance claims, Petitioner had an opportunity to raise these claims during his direct appeal. *Martinez* held that ineffective assistance of counsel on postconviction review can establish cause for the procedural default of ineffective assistance of counsel on direct review claims in certain circumstances, so *Martinez*'s exception would not apply to these two claims, which do not involve ineffective assistance.

Assuming that the cause for Petitioner's default has been established for the reasons set out in *Martinez* and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Petitioner's ineffective assistance claims are still defaulted because he has failed to establish sufficient prejudice. The majority of his ineffective assistance claims are simply unsupported conclusions, and notice pleading is insufficient in habeas cases. *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 n.7 (8th Cir. 1996) ("On their face, [petitioner's] bare assertions have failed to state a cognizable . . . claim entitling him to habeas relief."). For instance, Petitioner argues that counsel failed to inquire regarding potential witnesses and evidence that could have been presented at trial, but Petitioner fails to mention who any of these hypothetical witnesses were or what types of evidence could have been presented if not for counsel's lack of preparation. His trial counsel's lack of time to prepare was certainly troubling, but Petitioner must still demonstrate resulting prejudice.

Petitioner's argument that counsel should have investigated whether state's witness Ricky Lewis had previous convictions is without merit, and there does not appear to be any resulting

prejudice. The prosecution stated twice that he had no previous convictions, and Petitioner has not shown this to be inaccurate.

In any event, a demonstration of prejudice to excuse his procedural defaults would not excuse his failure to comply with the statute of limitations.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 29th day of July, 2014.

_____
United States Magistrate Judge