IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JIMMY LEE WILLIAMS**                                                                **PETITIONER**

v.                              **Case No. 5:12-cv-445-KGB**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                                 **RESPONDENT**

## ORDER

The Court has received the Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 12) and the objections filed by plaintiff Jimmy Lee Williams (Dkt. No. 13).  After a careful review of the Proposed Findings and Recommendations and Mr. Williams's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations, as modified by this Order.

As noted in the Proposed Findings and Recommendations, 28 U.S.C. § 2254 required Mr. Williams to file his petition for writ of *habeas corpus* within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2254(d)(1)(A).  On direct review of Mr. Williams's convictions, the Arkansas Court of Appeals affirmed the convictions on September 14, 2011. *Williams v. State*, 2011 Ark. App. 521.  Under Arkansas Supreme Court Rule 2-4, "[a] petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision."  Ark. Sup. Ct. Rule 2-4.  Mr. Williams did not petition the Arkansas Supreme Court for review of the Court of Appeals' decision in his case.  Accordingly, the time for seeking direct review of Mr. Williams's judgment expired on October 2, 2011, which was 18 days following the date of the decision from the Court of Appeals.  Therefore, the relevant starting date for the statute of limitations period under 28

U.S.C. § 2254(d)(1) was October 3, 2011, giving Mr. Williams until October 3, 2012, to file his federal petition for writ of *habeas corpus* unless tolling applies to the filing period.

Under § 2254(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). For an application for State post-conviction to be "properly filed," it must be timely according the State's particular requirements. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Arkansas Rule of Criminal Procedure 37.2 states that "[i]f an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court." Ark. R Crim. Pro. 37.2(c)(ii).

Accordingly, for Mr. Williams's application for State post-conviction relief to toll the October 3, 2012, statute of limitations under § 2254(d)(1) for filing his federal petition for writ of *habeas corpus*, he must have filed his application properly within 60 days of the date the Arkansas Court of Appeals issued its mandate. Mr. Williams obtained new counsel and attempted to file an improper unverified application for State post-conviction relief on December 5, 2011. Mr. Williams filed an amended and properly verified petition on January 25, 2012. However, the Arkansas Circuit Court dismissed Mr. Williams's application because he did not file a valid petition within 60 days of the date the Arkansas Court of Appeals issued its mandate. The Arkansas Supreme Court dismissed Mr. Williams's appeal of this decision without comment on August 14, 2012. Therefore, Mr. Williams's application for State post-conviction relief was not "properly filed" under § 2254(d)(2) and did not toll the statute of limitations set forth in § 2254(d)(1).

Mr. Williams filed his federal petition for writ of *habeas corpus* on December 5, 2012, nearly two months after the statute of limitations period expired on October 3, 2012. Thus, Mr. Williams's federal petition for writ of *habeas corpus* is time-barred under § 2254. As to Mr. Williams's argument that he is entitled to equitable tolling of the statute of limitations, the Court adopts the reasoning of the Proposed Findings and Recommendations, which found that Mr. Williams is not entitled to equitable tolling. The Court also adopts the reasoning of the Proposed Findings and Recommendations as to Mr. Williams's claims being procedurally defaulted.

Therefore, the Court dismisses with prejudice Mr. Williams's petition (Dkt. No. 1). The Court denies the requested relief. The Court will not issue a certificate of appealability because Mr. Williams has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 12th day of May, 2015.

_____
Kristine G. Baker
United States District Judge